# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     *Plaintiff,*

     v.

$28,000.00 IN UNITED STATES CURRENCY,

$721.00 IN UNITED STATES CURRENCY,

2002 DODGE RAM 1500 QUAD
VIN:3D7HU18N02G167119,

     *Defendants-in-rem.*

Civ. No. 16-817

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

### NATURE OF THE ACTION

1.    This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

### DEFENDANT *IN REM*

2.    The defendant *in rem* consists of the following:

    a.    Twenty eight thousand dollars ($28,000.00) in U.S. Currency;
    b.    Seven hundred twenty-one dollars ($721.00) in U.S Currency;
    c.    2002 Dodge Ram 1500 Quad VIN:3D7HU18N02G167119.
(hereafter collectively referred to as "Defendant Property").

3.    The Defendant Property were seized by the Drug Enforcement Administration on February 25, 2016 at Albuquerque, in the District of New Mexico.

4.     The Defendant Property are now, and during the pendency of this action will be, in the jurisdiction of this Court.

**JURISDICTION AND VENUE**

5.     The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6.     Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district.  Upon the filing of this complaint, the Defendant Property will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

**FACTS**

7.     On February 25, 2016, Task Force Officer (TFO) T. Novicki and TFO J. Franklin established surveillance at 703 Kathryn Drive, Las Vegas New Mexico, the residence of Armando Jose Martinez. At the direction of controlling agents, the Confidential Source (CS) made prior arrangements with Armando Jose Martinez for the controlled purchase of a kilogram of cocaine to occur in the parking lot of an unknown location in Santa Fe, New Mexico.

8.     Drug Enforcement Administration (DEA) Special Agent (SA) R. Rodriguez and TFO J. Franklin met with the CS at a neutral location in Las Vegas, New Mexico. S/A Rodriguez, as witnessed by TFO Franklin, transferred a digital recorder to CS. CS was then advised to place a phone call to Armando Jose Martinez and tell him the CS is ready to be picked up in the area of 7th Street and Lincoln Avenue in Las Vegas, New Mexico.

9.     The CS received a text from Armando Jose Martinez advising he was headed to Lincoln Park to pick up CS. The CS held an authorized recording devise and activated it. The CS walked to Lincoln Park and was picked up by Armando Jose Martinez.. Armando Jose Martinez

2

was driving a 2002 Dodge Ram 1500 Quad. Armando Jose Martinez and CS left the area and drove southbound on Interstate 25.

10.     The CS told TFO Franklin via text message that the money for the purchase was in the vehicle.

11.     Detective Sinclair conducted a traffic stop of the 2002 Dodge Ram 1500 Quad at mile marker 299 on I-25 southbound. Detective Sinclair approached the passenger side of the identified himself as a police officer and informed the Martinez as to why he had stopped him. Detective Sinclair asked Martinez for his driver's license, insurance, and registration, which he provided. When Detective Sinclair was handed the requested documents, Detective Sinclair observed that Martinez' hands were visibly shaking. While standing at the front passenger side of the vehicle Detective Sinclair observed that there were two air fresheners stuck in the air conditioning vents on the front dash. Through training and experience, he knew that it is common for drug traffickers to use multiple air fresheners in an attempt to mask the odor of any illegal drugs.

12.     Detective Sinclair  completed the traffic citation and advised the driver that there were three options (Penalty Assessment, Traffic Arraignment, and Warning Notice) on the citation and explained each one. For the Warning Notice, Detective Sinclair explained that signing it meant agreement that a violation had been committed.

13.     Martinez stated that he would prefer the warning notice. Detective Sinclair checked the box for the warning notice and asked for his signature.  Martinez signed the citation. Detective Sinclair returned Martinez' documents and told him he was free to leave. Martinez stepped out of Detective Sinclair's vehicle, shut the door, and began to walk back towards his vehicle. At this time, Detective Sinclair asked him if he could ask some more questions, and Martinez said yes.

3

14.     Detective Sinclair asked Martinez if there was and marijuana, cocaine, methamphetamine, heroin, weapons, or explosives in his 2002 Dodge Ram 1500 Quad and Martinez said no.

15.     Detective Sinclair then asked for consent to search his 2002 Dodge Ram 1500 Quad and Armando Jose Martinez responded "No". Detective Sinclair then told Martinez that Detective Fox was going to run his canine around the outside of the 2002 Dodge Ram 1500 Quad.

16.     Detective Fox arrived at the traffic stop and deployed his trained and certified drug detection canine, Kety around the Dodge pickup to conduct a free air sniff. Kety alerted positively for the odor of illegal controlled substance in bumper area of the vehicle.

17.     Officers searched the truck. While searching the front passenger area, Detective Sinclair lifted the center console and saw a large amount of U.S. Currency lying on the front seat under the center console. Martinez said it was $28,000 in U.S. Currency. Martinez said he had gotten it from working at the Day's Inn in Las Vegas, New Mexico, and from working with his father.

18.     Detective Sinclair asked Martinez why he was driving around with that much money. Martinez replied that on the previous day he was looking around trying to buy a house and that he wanted to pay cash for it.

19.     Based on all the circumstances, TFO Novicki seized the currency. On February 26, 2016, the unknown amount of U.S. Currency was transported to Brinks for an official resulting in a total of $28,000 in U.S. Currency.

20.     During the search of Martinez's person, TFO Franklin located an additional $721 in U.S. Currency.

21.     Armando Jose Martinez has a criminal and drug history.

22.     Armando Jose Martinez has no employment history.

### FIRST CLAIM FOR RELIEF

23.     The United States incorporates by reference the allegations in paragraphs 1 through 22 as though fully set forth.

24.     Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

25.     Defendant Currency was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

### SECOND CLAIM FOR RELIEF

26.     The United States incorporates by reference the allegations in paragraphs 1 through 22 as though fully set forth.

27.     Title 18, United States Code, Section 881(a)(4) subjects to forfeiture "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property in violation of this subchapter."

28.     Defendant Vehicle was used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of illegal controlled substance and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(4).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests:

(1)     That, pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Certain Admiralty

or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), a Warrant of Arrest *In*

*Rem*, in the form submitted with this Complaint, be issued to the United States Attorney General

or to any duly authorized law enforcement officer by the Clerk of this Court, as the defendant

personal property is already in the possession, custody or control of the United States;

(2)     That the Court direct any and all persons having any claim to the defendant

properties to file and serve their Verified Claims and Answers as required by 18 U.S.C. §

983(a)(4) and Supplemental Rule G, or suffer default thereof;

(3)     That the defendant properties be forfeited and condemned to the use and benefit

of the United States of America; and

(4)     That plaintiff be awarded its costs and disbursements in this action and such other

and further relief as this Court deems proper and just.


Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney


STEPHEN R. KOTZ
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

**28 U.S.C. § 1746 DECLARATION**

I am a Task Force Officer with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 7-12-16

Daniel J. Franklin, Task Force Officer
Drug Enforcement Administration